LittletoN, Judge,
delivered the opinion of the court:
Plaintiffs have filed a motion for a new trial in this case and stress the point that the demurrer should be overruled for the reason that the additional tax for 1916, upon which the interest involved in this case was collected, was assessed before January 1, 1921, the effective date of the revenue act of 1921 and more than three years after the return for 1916 was filed, and that the claim in abatement filed May 6, 1920, was also before the effective date of the 1921 act and cannot, therefore, be held to be within the purview of section 611 of the revenue act of 1928. This point was not specifically discussed in the original opinion, but it was considered and it was concluded that in view of the provisions of section 250 (d) of the revenue act of 1921, providing for collection of the tax for 1916 within five years after the return was filed, and since the assessment was made and the claim in abatement was filed within that time, the provisions of section 611 were applicable.
It is argued that the limitation provided in section 250 (d) of the revenue act of 1921 could have no effect upon the assessment for 1916, which had already been made, or the abatement claim which had been filed, and it is urged that since no new assessment was made within five years allowed by the revenue act of 1921, the assessment remained invalid, the claim in abatement of no effect, and collection of the tax and interest on May 1, 1923, was illegal.
We cannot agree with this contention. Section 250 (d) of the revenue act of 1921 gave the Commissioner until *533 March 1, 1922, to assess and collect any tax due for 1916. This section rendered valid the assessment for 1916 which had already been made and it was not necessary for the Commissioner to reassess the tax. Upon the enactment of the revenue act of 1921 on November 23, 1921, the Commissioner had three months within which to make collection. Although collection of the tax was barred by the provisions of the revenue act of 1916 at the time the claim for abatement was filed May 6, 1920, that bar was removed by the revenue act of 1921 and the claim for abatement operated to stay collection of the tax until after the expiration of limitation on collection provided in that act. This, we think, brings the case within the purview of section 611 of the revenue act of 1928 and the demurrer was properly sustained.
The motion for a new trial is therefore overruled.
Whaley, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.